UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWILIO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TELESIGN CORPORATION,<br><br>    Defendant. | Case No.16-cv-06925-LHK (SVK)<br><br>**ORDER GRANTING TELESIGN'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 93 |

Twilio, Inc. ("Twilio") filed this patent infringement action on December 1, 2016, alleging that TeleSign Corporation's ("TeleSign") products infringe its patents. ECF 1. Now pending before the Court is TeleSign's motion for leave to amend its invalidity contentions. Having carefully considered the parties' submissions, and having had the benefit of oral argument on August 15, 2017, the Court grants TeleSign's motion for leave to amend its invalidity contentions as set forth below.

## **RELEVANT FACTS**

Pursuant to this District's Patent Local Rules, Twilio served its infringement contentions on March 15, 2017. TeleSign served its invalidity contentions on May 1, 2017. In its invalidity contentions, TeleSign stated in relevant part:

> TeleSign places Plaintiff on notice that, based on TeleSign's reasonable investigation to date, the features accused of infringement existed in early versions of the accused products (Voice and SMS Verify), including prior to April 2008 and April 2007, and would thus—by Plaintiff's own argument and assertions—invalidate the Asserted Claims . . . .

ECF 93-4 at 5. TeleSign provided no additional information that identified the prior art or set forth where and how in each alleged item of prior art each limitation of each asserted claim is found. Instead, TeleSign cited to thousands of pages of technical documents produced by

1 TeleSign. *See* ECF 93-4 at 5 n. 4.

2 Despite its reliance on Twilio's infringement contentions, on May 22, 2017, TeleSign moved to strike the contentions. ECF 78, 79. On May 29, 2017, Twilio notified TeleSign of Twilio's position that TeleSign's invalidity contentions were deficient for failing to provide original charts mapping TeleSign's own products to Twilio's asserted claims. ECF 93-6 at 2. TeleSign took the position that it was relying on Twilio's infringement contention charts and that such reliance is permitted under the Local Rules. ECF 93 at 9; ECF 98-4 at 2. On June 5, 2017, pursuant to the case schedule, the parties exchanged their initial claim construction positions. The parties met and conferred on June 14, 2017, at which time TeleSign offered to provide new invalidity contentions with charts mapping its prior art to claim limitations, but Twilio opposed such amendment. ECF 98-4 at 2. On June 23, 2017, in response to an interrogatory, TeleSign served amended charts that map its products to the asserted claims. ECF 102 at 12, 102-1, 102-2.

On July 14, 2017, TeleSign filed the instant motion for leave to amend its invalidity contentions in three ways: 1) add newly discovered prior art (the Maes '604 patent and Ransom '756 patent); 2) add charts that map TeleSign's products as prior art to Twilio's asserted claims in the '021 and '465 patents; and 3) add its own products as prior art for the '376 patent. The parties have begun briefing for claim construction. *See* ECF 105. Fact discovery closes May 7, 2018, expert discovery closes July 11, 2018, and trial is currently set for November 26, 2018. ECF 74 at 2-3.

## I. LEGAL STANDARD

Pursuant to the Northern District of California's Patent Local Rules, parties exchange infringement and invalidity contentions early in a case. The contentions are not a mere formality but rather a requirement "to eliminate the gamesmanship of hints in favor of open disclosure." *Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *4 (N.D. Cal. Dec. 5, 2014). Patent Local Rule 3-3(a) requires a party serve invalidity

//

//

//

2

contentions, which must include:

> the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

In addition, the disclosure must include "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found." Patent Local R. 3-3(c).

Amendment of infringement contentions or invalidity contentions may be made only by order of the Court upon a timely showing of good cause. "[A]s a general rule, mistakes or omissions are not by themselves good cause." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (internal citation and quotation omitted). Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

(a) A claim construction by the Court different from that proposed by the party seeking amendment;

(b) Recent discovery of material, prior art despite earlier diligent search; and

(c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. Patent Local R. 3–6.

Whether a party has been diligent requires a two-step inquiry: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. 2014).

If the court determines that the moving party was not diligent, the inquiry may end there.

*See Acer, Inc. v. Tech. Properties Ltd.*, No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010). However, the court retains discretion to grant leave to amend in the absence of diligence where there is no prejudice to the opposing party. *See, e.g., Apple Inc. v. Samsung Elecs. Co.,* No. CV 12–00630 LHK, 2012 WL 5632618, at *5–6 (N.D.Cal. Nov. 15, 2012); *U.S. Ethernet Innovations, LLC v. Acer, Inc.,* No. 10–cv–3724 CW, 2013 WL 5609325, at *3 (N.D.Cal. Oct. 11, 2013). Prejudice is typically found when allowing amendment of contentions would disrupt the case schedule or other court orders. *See Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *3.

## II. ANALYSIS

TeleSign seeks to amend its invalidity contentions in three ways: 1) add newly discovered prior art (the Maes '604 patent and Ransom '756 patent); 2) add charts that map TeleSign's products to Twilio's claims as prior art; and 3) add its own products as asserted prior art for the '376 patent. The Court will discuss each in turn.

> *a. The Court grants leave to amend contentions to include the Maes '604 and Ransom '756 patents.*

Twilio does not oppose TeleSign's request for leave to add the Maes '604 and Ransom '756 patents to its invalidity contentions. Therefore, the Court grants leave for TeleSign to add the Maes and Ransom patents to its invalidity contentions.

> *b. The Court grants leave to amend contentions to include charts mapping prior art to the '021and '465 patents despite TeleSign's lack of diligence because there will be no prejudice.*

TeleSign has failed to establish diligence. The prior art at issue is TeleSign's own products, yet TeleSign's invalidity contentions neither identify each item of prior art that allegedly anticipates or renders obvious each asserted claim nor chart where and how in each alleged item of prior art each limitation of each asserted claim is found. Patent Local R. 3-3. Instead, Telesign merely "refers Plaintiff to its own infringement charts." ECF 93-4. Unlike many cases where amendment is sought, the basis for TeleSign's proposed amendment is not discovery of new evidence. The essential information TeleSign needed to satisfy the Local Rule was the priority date of the asserted patents and its own product information. Thus, TeleSign now seeks to include

4

charts based on information TeleSign, and only TeleSign, has had all along. *Cf.* Patent Local R. 3-6.

Further, on the first page of its invalidity contentions, TeleSign criticizes Twilio's infringement contentions, stating "TeleSign contends that Plaintiff's Infringement Contentions are deficient and fail to put TeleSign on notice of the nature of Plaintiff's infringement theories." ECF 93-4 at 3. Indeed, on May 22, 2017, TeleSign moved to strike Twilio's infringement contentions. ECF 78, 79.[1] On May 29, 2017, Twilio informed TeleSign of the deficiencies of Telesign's contentions. Rather than timely moving to amend, TeleSign stood by its reliance on Twilio's infringement contentions. The parties met and conferred regarding TeleSign's contention charts on June 14, 2017, at which point TeleSign continued to assert the validity of its reliance. On June 23, 2017, TeleSign served responses to an interrogatory, which included updated invalidity charts in which TeleSign charted its own products as prior art.

TeleSign's criticism of Twilio's charts in its invalidity contentions demonstrates that at the time it served its invalidity contentions, TeleSign understood that relying on Twilio's charts could not satisfy Local Rule 3-3. Regardless, even if TeleSign had not criticized Twilio's infringement contentions or moved to strike them, there is no authority allowing a party to rely on an opposing party's infringement charts rather than charting its own invalidity contentions, when those contentions are based upon the party's own products. *See* Patent Local R. 3-3(c).[2]

The two cases TeleSign relies upon do not suggest otherwise. Neither case addresses the Northern District's patent rules generally nor the early disclosure of contentions specifically. Instead, both cases address whether the defendant can rely on the plaintiff's infringement contention charts at summary judgment to prove that the accused products are prior art. *Cf. Vanmoor v. Wal-Mart Stores, Inc.,* 201 F.3d 1363, 1366-67 (Fed. Cir. 2000); *Google Inc. v. Ben.*

---

[1] At oral argument TeleSign foreswore gamesmanship in attacking Twilio's infringement contentions while at the same time relying upon them for its own invalidity contentions. The Court will, at this juncture, give TeleSign the benefit of the doubt.

[2] In some cases, the level of specificity required by Rule 3-3(c) for invalidity contentions is the same as that required by Rule 3-1 for infringement contentions. *Compare* Patent Local R. 3-1 *with* Patent Local R. 3-3; s*ee Slot Speaker Techs., Inc. v. Apple, Inc.,* No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *2 (N.D. Cal. Jan. 19, 2017).

*Innovations, Inc.*, No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824, at *13 (E.D. Tex. Aug. 21, 2014). Allowing a party to rely on infringement contentions as admissions at the summary judgment stage does not establish that a party can rely on infringement contentions in lieu of providing invalidity charts to disclose its invalidity theories as required by the Patent Local Rules.

Having determined that TeleSign has failed to show diligence, the Court need not reach the question of prejudice. However, given the early stage in the case, the Court finds there is no prejudice in allowing amendment.

An upcoming discovery deadline tends to loom large in the prejudice analysis, and it is the determinative factor here. *See Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *7 (collecting cases). The parties have just begun discovery, the fact discovery cut off is over nine months away and claim construction briefing is just underway. Twilio did not, in either its brief or at oral argument, identify a single, specific detriment that it would suffer as a result of allowing Telesign to amend at this early stage of the case.[3] The Court also notes two additional factors that, while in no way constituting compliance with Local Rule 3-3, can be considered as mitigating factors for determining prejudice: 1) Twilio has had TeleSign's proposed invalidity contentions, including charts mapping its products to the relevant claims of Twilio's '021 and '465 patents, since June 23, 2017, when TeleSign served responses to interrogatories; and 2) Telesign has produced thousands of pages of technical documents which do appear to provide some relevant product and date information. As a result, in light of the early stage of the proceedings, the Court finds there is no prejudice and allows leave to amend on this ground.[4]

> *c. The Court grants leave to amend TeleSign's contentions for the '376 Patent despite TeleSign's lack of diligence because there will be no prejudice.*

While TeleSign's attempt to assert the Voice Verify and SMS Verify products as prior art

---

[3] The Court recently granted Twilio leave to amend its infringement contentions on similar grounds. ECF 89.

[4] Twilio raises several arguments regarding the sufficiency of TeleSign's proposed amendments. ECF 98 at 11-12. However, these arguments do not support denying leave to amend at this stage of the proceedings.

for the '021 and '465 patents fell short of complying with this District's Patent Local Rules, in the instance of the '376 patent, TeleSign did not address its own products at all in its initial contentions. *See generally* ECF 93-4. Rather, TeleSign argues that amendment is justified as a result of action by Twilio, suggesting that Twilio's claim construction position altered the definition on which TeleSign relied when it initially investigated prior art. This argument is ineffective in establishing diligence. ECF 93:16-18.

As an initial matter, TeleSign's descriptions of Twilio's proffered construction of "REST API" as "new" (ECF 93:16) and as "now even more clearly encompass[ing] TeleSign's predating products" (ECF 102:8) are not supported by the record. Preliminary proposed constructions were exchanged on June 6th, long after service of TeleSign's invalidity contentions on May 1, 2017. There is no evidence of Twilio proffering a construction prior to TeleSign's invalidity contentions. Therefore, there is no "new" position by Twilio to act as a catalyst for TeleSign's amendment.

It is not surprising, then, that in providing evidentiary support for its argument in favor of amendment, TeleSign cites not to a prior claim construction by Twilio, but to the specification of the '376 patent, which of course has not changed during the course of this action. In relevant part, TeleSign acknowledges:

> The Call Router API is preferably an application programming interface (API) such as a REST API (Representational State Transfer) as is known in the art, but the Call Router API may alternatively be a SOAP (Simple Object Access Protocol) API or any suitable programmatic communication interface.

ECF 93:16 (citing ECF 1-3, '376 Patent, col. 8, lns. 12-17). TeleSign posits that it did not initially cite its own products as prior art because those products used "SOAP and HTTP." ECF 93:17. Telesign then points to Twilio's preliminary claim construction served on June 6, 2017, defining REST API as "[a]n application programming interface that is operable with the Representation State Transfer (REST) conventions." ECF 93:17 (citing ECF 93-8 at 8).

The Court is not persuaded that Twilio's preliminary (but not "new") construction for "REST API" broadens the universe of prior art available to challenge the validity of the '376 patent. Rather, it appears that TeleSign had as much support for the challenge before Twilio's

7

proffered construction as after. At oral argument, TeleSign's counsel acknowledged that REST is "not as well defined" as SOAP, and that when looking to how people in the art define RESTful and REST, there are competing definitions on whether SOAP can be operable with REST. ECF 106. This is as true today as it was when TeleSign served its contentions on May 1st. Therefore the Court finds that TeleSign has not demonstrated the requisite diligence in support of its amendment.

However, the Court is again presented with the issue of whether to reach the question of prejudice. As the same case schedule considerations which mitigated against prejudice above are present here, the Court will take up the question of whether there would be any prejudice to Twilio in allowing TeleSign to amend its invalidity contentions to now, for the first time, assert its own products as prior art against the '376 patent. Discovery in this matter is at a very early stage with the cut off more than nine months away. Similarly, claim construction briefing has just begun. The additional mitigating factors noted above are not present here, except for the fact that Twilio was given leave to amend, also in light of the early stage of the proceedings. Thus, as with the invalidity challenges to the '021 and '465 patents, Twilio is again unable to identify any prejudice, as is the Court.

Nevertheless, allowing TeleSign leave to amend to assert its own products as prior art for the '376 patent presents a close call. Unlike the Maes '604 and Ransom '756 patents, TeleSign was well aware of its own prior-dated products when it served its invalidity contentions on May 1, 2017. Nonetheless, despite the lack of diligence by TeleSign, and only because of the nascent posture of the case, the Court will grant leave to amend.

//
//
//
//
//
//
//
//

8

## CONCLUSION

For the above-stated reasons, TeleSign's motion for leave to amend its invalidity contentions as submitted with its motion (ECF 94-3, 94-4, 94-5) is granted. TeleSign is ordered to serve its amended contentions within three days of this order.

**SO ORDERED.**

Dated: 8/18/2017

SUSAN VAN KEULEN
United States Magistrate Judge