UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWILIO, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TELESIGN CORPORATION,<br><br>        Defendant. | Case No.16-cv-06925-LHK  (SVK)<br><br>**ORDER RE TELESIGN'S OBJECTIONS TO TWILIO'S AMENDED INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 104 |

On August 11, 2017, Defendant Telesign Corporation ("Telesign") filed objections to Plaintiff Twilio, Inc.'s ("Twilio") amended infringement contentions. ECF 104. Telesign's objections followed a previous motion to strike which the Court treated as a motion to compel. ECF 79. The Court granted Telesign's motion and set deadlines for the amended infringement contentions and further objections. ECF 89. The Court finds that Twilio's amended infringement contentions satisfy Patent L.R. 3-1 and therefore overrules Telesign's objections.

The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Finjan, Inc. v. Proofpoint, Inc.,* No. 13–cv–05808–HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015) (citation and quotation omitted). To that end, "plaintiff bears the burden of providing infringement contentions that specify the location of every claim element within the accused products, so that the Court can make a principled decision on whether discovery will proceed." *Bender v. Infineon Techs. N. Am. Corp*., No. C09-02112 JW (HRL), 2010 WL 964197, at *1 (N.D. Cal. March 16, 2010); *see also Finjan,* 2015 WL 1517920, at *2, 6. "Patent L.R. 3-1 does not

require [the plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions, nor does it require a plaintiff to provide support for its contentions." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709JFHRL, 2004 WL 2600466, at *4 (N.D. Cal. Nov. 10, 2004) (quoting *Network Caching Tech. Corp. v. Novell, Inc.*, No. C–01–2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003)).

Having reviewed Twilio's amended contentions and Telesign's objections, the Court finds that Twilio followed the Court's directions provided during oral argument and, as a result, the infringement contentions are much improved. The amended contentions map claim elements to the accused products and, importantly, now appear to provide the Court with sufficient guidance to make decisions regarding discovery. Telesign's objections, generally seeking more detailed information as to how certain limitations are performed, exceed the requirements of Patent L.R. 3-1, and may be more appropriately directed to arguments of noninfringement. Consequently, Telesign's objections are overruled without prejudice to Telesign raising the issues identified therein at an appropriate time in the future.

**SO ORDERED.**

Dated: September 1, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge