UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWILIO, INC., <br>     Plaintiff, <br> v. <br> TELESIGN CORPORATION, <br>     Defendant. | Case No.16-cv-06925-LHK <br> **ORDER RE SEALING MOTION** <br> Re: Dkt. No. 114 |

Before the Court is an administrative motion to seal brought by Twilio, Inc. ("Twilio"). ECF No. 114. Twilio seeks to seal (1) certain portions of its Reply Claim Construction Brief, ECF No. 114-4; and (2) Exhibits P, Q, and R submitted in connection therewith, ECF Nos. 114-6, 114-8, 114-10. The material which Twilio seeks to seal is proprietary and sensitive business information belonging to TeleSign Corporation ("TeleSign"), which relates to the confidential, internal operations of its business and is not readily obtained by outside competitors. ECF No. 116-1 ¶¶ 5-7. Telesign has designated this material as Highly Confidential under the parties' protective order. *Id*. ¶ 4.

"Historically, courts have recognized a 'general right to inspect and copy public records

1

Case No. 16-cv-06925-LHK
ORDER RE SEALING MOTION

and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific

2

Case No. 16-cv-06925-LHK
ORDER RE SEALING MOTION

examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Twilio seeks to seal briefing and exhibits relating to the parties' claim construction disputes. In patent cases, a court's construction of the terms in a patent claim is often critical to the

3

Case No. 16-cv-06925-LHK
ORDER RE SEALING MOTION

outcome of the suit. *See Markman v. Westview Instruments, Inc*., 517 U.S. 370, 374 (1996) ("Victory in an infringement suit requires a finding that the patent claim covers the alleged infringer's product or process, which in turn necessitates a determination of what the words in the claim mean."). As such, it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Court therefore applies the "compelling reasons" standard to the instant motion to file under seal.

With this standard in mind, the Court rules on the instant motion as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 114 | Compelling Reasons | Twilio's Reply Claim Construction Brief, ECF No. 114-4 | GRANTED as to the redactions proposed in ECF No. 114-4. |
| 114 | Compelling Reasons | Exhibit P to the Eber Declaration ISO Twilio's Reply Claim Construction Brief, ECF No. 114-6 | GRANTED. |
| 114 | Compelling Reasons | Exhibit Q to the Eber Declaration ISO Twilio's Reply Claim Construction Brief, ECF No. 114-8 | GRANTED. |
| 114 | Compelling Reasons | Exhibit R to the Eber Declaration ISO Twilio's Reply Claim Construction Brief, ECF No. 114-10 | GRANTED. |

**IT IS SO ORDERED.**

Dated: October 17, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4

Case No. 16-cv-06925-LHK
ORDER RE SEALING MOTION