UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWILIO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TELESIGN CORPORATION,<br><br>    Defendant. | Case No.16-cv-06925-LHK (SVK)<br><br>**ORDER GRANTING IN PART TELESIGN'S MOTION TO COMPEL AMENDED DAMAGES CONTENTIONS**<br><br>Re: Dkt. No. 121 |

**I.     Introduction**

Plaintiff Twilio, Inc. ("Twilio") initiated this action in December 2016. The parties filed their joint case management statement on February 22, 2017. ECF 45. In accordance with the schedule set forth in the Patent Local Rules, Twilio served its damages contentions on June 20, 2017; Defendant Telesign Corporation ("Telesign") served its responsive damages contentions on July 20, 2017. The parties have engaged in meet and confer efforts, to varying degrees of success. On September 21, 2017, Telesign filed this motion to compel Twilio's compliance with Patent Local Rule 3-8. The parties have been ordered to an early mediation (ECF 74, 130), which is scheduled for December 4, 2017.

Following this Court's assessment of the requirements of the Patent Local Rules, the arguments presented in the parties' briefs and at the hearing held on November 14, 2017, Telesign's motion to compel is granted in part. Twilio will supplement its damages contentions with a computation of damages, as detailed below, no later than November 29, 2017. In addition, the parties will continue rigorous meet and confer efforts and produce additional documents as directed at the hearing and reflected in the record.

**II.     The Patent Local Rules Require a Computation of Damages**

The Patent Local Rules[1] were amended as of January 2017, to address disclosure of damages information, and challenges in this District to L.R. 3-8 are still relatively few. This case, where Twilio has not provided either the reasonable estimate addressed in L.R. 2(b)(5) or a computation as contemplated in L.R. 3-8, presents an opportunity to address the Local Rule requirements to provide clarity to the parties, particularly in light of the impending mediation on December 4, 2107.

**A.     The Rules**

To orient itself and the parties to the disclosure obligations set forth in the Local Rules, the Court finds it helpful to begin with a relevant definition:

noun: **disclosure**

1.     the action of **making** new or secret **information known**.

"A judge ordered the disclosure of the government documents."

*Disclosure*, Oxford English Dictionary (3rd Ed. 2010) (Emphasis added).

The first instance under the Local Rules where parties are to make known damages calculations is the initial case management conference. Local Rule 2(b)(5), in requiring a good faith estimate at the initial case management conference, provides:

> 2. GENERAL PROVISIONS
> . . .
> (b) Initial Case Management Conference. When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties shall discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16-9, the following topics:
> . . .
> (5) The parties shall provide the court with a **non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates**. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation. (Emphasis added.)

---

[1] All references to the Local Rules are references to the Norther District of California Patent Local Rules and are hereinafter indicated by "L.R."

2

Ninety days later, L.R. 3-8 requires a computation of damages, specifically:

> 3. PATENT DISCLOSURES
> . . .
> **3-8.** Damages Contentions
> Not later than 50 days after service of the Invalidity Contentions, each party asserting infringement shall:
> (a) Identify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its **theories of recovery**, **factual support** for those theories, and **computations of damages** within each category, including:
> 1. lost profits;
> 2. price erosion;
> 3. convoyed or collateral sales;
> 4. reasonable royalty; and
> 5. any other form of damages.
> (b) To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires. (Emphasis added.)

Similarly, the defendant has an obligation to make known, with specificity, its defenses to the damages claimed:

> **3-9.** Responsive Damages Contentions
> Not later than 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8, each party denying infringement shall identify specifically how and why it disagrees with those contentions. This should include the party's affirmative position on each issue. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

### B. Applying the Local Rules in Litigation

The requirements of L.R. 3-8 could not be more clear: identify the theories of recovery; identify the known facts that support the theories; do the math. A plaintiff's persistent deference to a future expert report, as well as a defendant's insistence on a final expert opinion, is misplaced. Local Rule 3-8 does not require certainty, and it is not fairly interpreted as replacing the robust analysis of a patent damages expert report. It is worth noting that unlike the more rigorous disclosure requirements for infringement and invalidity contentions (*see* L.R. 3-1, L.R. 3-3), there is no "good cause" threshold for amendment of damages contentions, nor is there even a requirement to amend the contentions. *See* L.R. 3-6. There is ample room between the initial "non-binding, good faith *estimate* of the damages *range*" contemplated by L.R. 2(b)(5) and a damages expert's report pursuant to Federal Rule of Civil Procedure 26 for meaningful disclosure,

including a computation, under L.R. 3-8.

The timing as to when a plaintiff must provide a computation of damages is not arbitrary. The computation follows the disclosure of infringement and invalidity contentions to allow for focus on the actual accused instrumentalities. The Sedona Conference *Commentary on Case Management of Patent Damages and Remedies Issues: Proposed Model Local Rule for Damages Contentions*, at p. 4 (April 2016, public comment version).[2] Yet the damages computation is provided early enough in the course of fact discovery to inform the parties and the court on issues of relevance and proportionality. *Id*. Finally, the reveal of the computation of damages in the time frame set forth in L.R. 3-8 creates a potential opportunity for meaningful settlement discussions. *Id*.

The expectation built into L.R. 3-8, as well as L.R. 3-9, that there is discovery—perhaps significant discovery—still to be conducted at the time of computation is not properly construed as an opportunity to ignore the disclosure obligations all together. Contending one is unable to provide a damages calculation should be considered the exception, not the default, as each party exercises its best, good faith efforts to comply with this Court's Local Rules. Where the exception lies, and a party feels compelled to state that it has no alternative but to identify additional information it must acquire before it can comply with a particular component of its disclosure obligations, such identification must be specific: 1. Which outstanding discovery request is directed to the particular missing fact? 2. What is the status of meet and confer efforts between the parties to facilitate a timely response? 3. When is a response due and, once received, on what date will the party comply with its disclosure obligation? A party's failure to provide this information with a high degree of specificity undermines an argument that the information is necessary for a computation of damages.

The Court notes that L.R. 3-8 and L.R. 3-9 do not directly address apportionment. The Federal Circuit requires that a damages opinion provide an evidentiary basis for the apportionment

---

[2] *Available at* https://thesedonaconference.org/publication/The%20Sedona%20Conference%20Commentary%20on%20Case%20Management%20of%20Patent%20Damages%20and%20Remedies%20Issues%3A%20Proposed%20Model%20Local%20Rule%20for%20Damages%20Contentions

4

of damages between the patented feature and the unpatented features. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011). Apportionment is an extremely fact-intensive exercise requiring more discovery and analysis than is likely to be completed at the juncture of the damages computation required by L.R. 3-8. Nevertheless, the apportionment requirement does not obviate the need to compute damages under L.R. 3-8. A plaintiff should, at a minimum, identify the likely factors that will be considered in its apportionment calculation, quantify those factors to the extent possible, and identify the outstanding discovery directed to quantifying these factors with the particularity outlined above.

Notwithstanding the challenges of determining a viable computation of damages prior to the close of fact discovery, in cases such as the present one it simply is not credible that a full year after the filing of the complaint, which certainly followed a diligent investigation, a plaintiff is unable to quantify, with reasonableness if not certainty, the damages it will seek at trial. Nor is it credible that a plaintiff cannot break that quantification into elements of a computation: a royalty base, a royalty rate, and other potential factors that will compose its alleged damages. Indeed, when a party fails to provide even a non-binding estimated range of damages as required by L.R. 2(b)(5), its failure to comply with L.R. 3-8 further reflects an unwillingness, rather than an inability, to provide a computation of damages. With the foregoing guidelines in mind, the Court turns to the contentions at issue.

**C. Damages Contentions in the Present Case**

**i. Twilio's Damages Contentions**

In its opening, Twilio's damages contentions present a number of arguments generously construed to relate to its obligations under L.R. 3-8. Twilio then addresses each of the *Georgia-Pacific* factors, primarily, but not exclusively, identifying broad categories of documents it contends are necessary for its calculations. The Court does not find it productive at this juncture to review Twilio's approach in detail but provides direction as to the form and substance of damages contentions under L.R. 3-8 and L.R. 3-9 by addressing a few general points.

- Briefing in the disclosure statement on the legal parameters for treble damages is unnecessary. Local Rule 3-1 already requires that a party set forth the basis for an

allegation of willful infringement. If, for completeness, a plaintiff wishes to restate the contention, a short recitation of relevant facts is all that is necessary.

- Similarly, a brief in support of injunctive relief is unnecessary. L.R. 3-8 and L.R. 3-9 are directed to damages. While not inappropriate to state that a party intends to seek an injunction, the extensive legal and factual argument for such relief obfuscates the objective of L.R. 3-8 which is to provide a computation of damages.
- Reservation of the right to amend after every instance where a plaintiff either discloses or comes close to disclosing a fact in support of its damages theories is unnecessary. Local Rule 3-8 does not foreclose future adjustments to the damages computation. If a party feels compelled, however, to reserve its rights to continue to develop its damages calculations, a single reservation at the outset of the contentions will suffice.

### ii. Telesign's Responsive Damages Contentions

Similarly, under L.R. 3-9, a defendant must resist making non-infringement and invalidity arguments throughout its response to plaintiff's damages contentions. Responsive contentions are the place to set forth for the plaintiff and the court where defendant finds factual discrepancies in plaintiff's damages theories and computations, assuming a finding of liability. For the reasons stated above, briefs in opposition to claims of willful infringement and/or injunctive relief are not only unhelpful but detract from the ability of the responsive contentions to educate the court as to pertinent issues, such as proportionality.

### iii. Status of Production of Relevant Documents

Twilio's Contentions and Opposition identify numerous categories of documents that it claims are necessary for a calculation of damages. Yet, Twilio identifies only one specific request for production: *All documents related to the determination of a reasonable royalty*. ECF 101-5 at 3. Such a request may be helpful as a catchall discovery demand, but is not, without more, an adequate foundation upon which to complain that a party lacks sufficient information to compute damages.

Telesign, in turn, argues repeatedly that it has produced the documents required by the

Local Rules and that such productions should be sufficient for a computation of damages. While the production requirements of L.R. 3-4 are a good place to start, they are merely the start, not the end, of Telesign's obligations. Telesign has an obligation to engage in good faith meet and confer efforts with Twilio to reach compromise on the *additional* data to be produced.

At the hearing, Twilio helpfully narrowed the categories of necessary documents to four, at least for purposes of its immediate computation obligations and the December mediation, and updated the Court as to the meet and confer status of each. Telesign's production obligations as to these categories, including deadlines, are set forth in the record of the hearing. The Court strongly urges the parties to continue their meet and confer efforts with regards to their discovery obligations and to that end provides the following frame of reference. It is not uncommon in patent damages discovery for the plaintiff to seek a complete financial history of all of defendant's products. Similarly, the defendant often seeks to limit production to an incredibly narrow base and time frame. Where plaintiff demands the beach, defendant responds with a few grains of sand. It is counsel's duty to educate their clients on the relevant law as well as the requirements of the Local Rules and to meet and confer in good faith to allow both sides to fulfill those obligations. Only when there is an actual impasse, an inability to find a reasonable compromise, should the dispute come to court. Some of Twilio's demands, as framed in its contentions, are aggressively overbroad and beyond the bounds of relevance and proportionality. Similarly, several of Telesign's objections to production are facially not well taken, particularly in light of well-established factors of apportionment. With these cautions in mind, the parties must turn their attention to earnest meet and confer efforts.

//

//

//

//

//

**CONCLUSION**

1. Twilio is to supplement its damages contentions with a reasonable good faith computation of damages no later than November 29, 2017. The computation must identify the following:

- royalty base(s)
- royalty rate(s)
- date(s) of the hypothetical negotiation currently used,
- factors identified to date that are or will be used in apportionment, and where possible a quantification of those factors.

As set forth above, this computation is not expected to be Twilio's final computation of damages, and the computation may change without amendment to the contentions. The Court notes, however, that a new theory of recovery (such as lost profits instead of or in addition to a reasonable royalty), would require amendment to the damages contentions.

2. The parties met and conferred on usage metric documents to be produced by Telesign. At the hearing, the parties identified a subset of usage metric documents for accelerated production. Telesign is to produce and/or confirm completion of production of those certain damages-related documents by November 22, 2017, in accordance with the hearing record. Any production is to begin promptly and continue on a rolling basis.

3. In addition to the four specific categories of documents addressed at the hearing, the parties are ordered to continue good faith meet and confer efforts to resolve issues regarding the scope of outstanding requests of damages-related documents and the timing of production, including identification of a date for completion of production of damages-related documents. The Court reminds the parties that the case management schedule allows only 30 days from the close of fact discovery for opening expert reports.

**SO ORDERED.**

Dated: November 17, 2017


SUSAN VAN KEULEN
United States Magistrate Judge

8