UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWILIO, INC.,<br>　　　　Plaintiff,<br>　　v.<br>TELESIGN CORPORATION,<br>　　　　Defendant. | Case No.16-cv-06925-LHK　(SVK)<br><br>**ORDER REGARDING TELESIGN'S FEBRUARY 27, 2018 DISCOVERY LETTER BRIEF**<br>Re: Dkt. No. 174 |

This matter came before the Court pursuant to a letter filed by TeleSign Corporation ("TeleSign") on February 27, 2018, requesting that the Court compel Twilio, Inc. ("Twilio") to provide deposition dates for eleven fact witnesses. ECF 174. TeleSign further requests that the depositions be set in mid-March or early April, in advance of the May 7th close of fact discovery. *Id*. Twilio filed its response on March 1, 2018, indicating that it has now provided dates for eight witnesses who are current employees of Twilio and that it is "working with" the remaining three witnesses who are former Twilio employees. ECF 176.

Having reviewed the papers, the **COURT ORDERS** Twilio, no later than 12:00 p.m. PST on Monday, March 5, 2018, to (1) confirm whether it is authorized to accept service of any future subpoena on behalf of the three former Twilio employees (Evan Cooke, Arthur Johnson, and Robert Fenstermacher); and if so, (2) to provide deposition dates. Once the subpoenas are served, if meet and confer between the parties is necessary, the **COURT FURTHER ORDERS** the parties to carry out those negotiations expeditiously and in good faith. To be clear, the deposition dates are to be confirmed on March 5th, notwithstanding that there may be further discussion over the scope of the depositions.

The Court declines to order that any particular depositions take place some number of weeks before the close of the discovery. Should the need arise, either party may move for

additional discovery in accordance with the applicable rules and standing orders.[1]

The papers clearly indicate that any issue as to coordination between 30(b)(1) and 30(b)(6) depositions is not yet ripe. The Court simply notes that there is no rule in either this or the trial court in this action requiring that a single witness be produced only one time. However, the rules of efficiency require, at a minimum, that the parties work together in good faith to address both depositions in the same session where possible.

Finally, from the tone and content of the submissions, the Court is compelled to admonish both parties to be mindful of their respective obligations to raise, discuss, and timely respond to issues and to work together to complete all discovery obligations within the established time frame. *See* Northern District Civil Local Rules 1-5(n), 37-1.

**SO ORDERED.**

Dated: March 2, 2018

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] This Court notes that any request for an extension of the trial schedule would have to be directed to the District Court.