United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWILIO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TELESIGN CORPORATION,<br><br>    Defendant. | Case No. 16-CV-06925-LHK<br><br>**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. No. 181 |

This patent infringement case was filed on December 1, 2016. ECF No. 1. On August 23, 2017, Defendant TeleSign filed three *inter partes* review ("IPR") petitions. *See* Exhs. A, B, C to ECF No. 181. On March 9, 2018, the Patent Office granted two of TeleSign's petitions, regarding U.S. Patent Nos. 8,755,376 and 8,837,465. *Id.* All of the asserted claims of those patents are challenged and at issue in the instituted IPRs.

On March 13, 2018, TeleSign filed a motion to stay this case pending resolution of the IPRs. ECF No. 181 ("Mot."). On March 20, 2018, Plaintiff Twilio filed an opposition. ECF No. 186-4 ("Opp'n"). On March 22, 2018, TeleSign filed a reply. ECF No. 189 ("Reply"). The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing currently set for April 4, 2018.

1

Case No. 16-CV-06925-LHK
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).

With respect to the first factor, the Court finds that the stage of the case favors a stay. Specifically, although the parties have engaged in some written discovery, neither party has taken fact depositions, exchanged expert reports, or produced email discovery. Thus, although the parties have incurred some costs related to discovery, significant discovery-related costs still remain that might be avoided by a stay. *See PersonalWeb*, 69 F. Supp. 3d at 1026-27 (finding that the stage of the case weighed in favor of a stay despite the parties' service of over 100 document request, 50 interrogatories, production of over 500,000 pages, and deposition of over 12 individuals, because the remaining work—which included expert reports and discovery, dispositive motions, and trial—would be "costly"); *Microsoft*, 2011 WL 1748428 at *6 (finding that the stage of the litigation weighed in favor of a stay where the parties had exchanged initial disclosures, interrogatory responses, and document discovery, but no depositions had been taken and no expert reports had been exchanged). In addition, a stay would conserve the Court's resources by ensuring that the Court does not rule on additional discovery disputes or dispositive motions or conduct a jury trial on claims that the Patent Office later invalidates. Furthermore, "since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by unnecessarily proceeding" forward. *Ricoh Co. v. Aeroflex Inc.*, Nos. C03-04669 MJJ, C03-02289 MJJ, 2006 WL 3708069, at

2

Case No. 16-CV-06925-LHK
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW

1  *5 (N.D. Cal. Dec. 14, 2006). "If this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial, including a jury, would be wasted." *Id.*

Second, with respect to whether a stay would simplify the issues in the case, the Court finds that this factor also favors a stay. If the Patent Office invalidates any of the claims at issue, that would narrow the scope of the litigation in this case. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013) ("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D.Cal. Jan. 13, 1995))). In addition, the course of the IPR proceedings, including the arguments that Twilio makes, will inform the course of the remaining proceedings in this Court. *See Asylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359-61 (Fed. Cir. 2017); *see also* Mot. Exh. D at 9 (Twilio urging another court to stay case brought by TeleSign pending IPR in part by arguing that even if the Patent Office did not invalidate any claims, "the Court and parties would still benefit from the Patent Office's determinations").

Twilio points out that IPR was denied on the '021 patent, and argues that the IPR proceedings on the other two patents will not meaningfully simplify the issues in this case as to the '021 patent. Opp'n at 2. Even assuming that the IPR proceedings will have no effect on the '021 patent—something TeleSign disputes, *see* Reply at 6—the Court finds that the potential simplification of issues related to the other two patents outweighs the delay that will result in the adjudication of the '021 claims. Indeed, it would make little sense to proceed only on the '021, thereby risking a second trial on the other two patents if they survive IPR, nor would it make sense to proceed on all three patents when two of them may later be invalidated.

Third, the Court finds that granting a stay would not unduly prejudice Twilio. "The delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice." *Akeena Solar Inc. v. Zep Solar Inc.*, No. 09-cv-5040-JSW, 2010 WL 1526388 (citing *Pegasus*

3

*Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003)). Twilio argues that it would be prejudiced by a stay because TeleSign is a competitor, and a stay would allow TeleSign to continue competing against Twilio using Twilio's own patented technology. Opp'n at 1. However, Twilio successfully moved for a stay in another case brought by TeleSign, which undercuts Twilio's argument that the competitor relationship between the two parties leads to increased harm when a case is stayed. Indeed, in that case, Twilio argued that "[i]t does not suffice to simply argue that prolonging the litigation will allow the defendant to sell allegedly infringing products for a longer period of time." Exh. D at 9. "Any customers or profit lost during a stay can be compensated through damages, including damages caused by the stay." *Id.* (quoting *Aten Int'l Co. v. Emine Tech. Co.*, No. 09-843, 2010 WL 1462110, at *7 (C.D. Cal. Apr. 12, 2010)).

For the foregoing reasons, the Court GRANTS TeleSign's motion for a stay of this case. This action is STAYED in its entirety pending final exhaustion of the pending IPR proceedings for the '376 and '465 patents, including any appeals.

The Clerk shall ADMINISTRATIVELY CLOSE this matter.

The parties shall submit joint status reports apprising the Court of the status of the IPR proceedings every six months.

The parties shall provide notice to the Court within one week of final exhaustion of all pending IPR proceedings, including appeals. In their notice, the parties shall request that this matter be reopened, and that a case management conference be scheduled.

The case management conference currently set for April 4, 2018 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: April 3, 2018

_____
LUCY H. KOH
United States District Judge

4
Case No. 16-CV-06925-LHK
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW